```
                   UNITED STATES DISTRICT COURT
                    DISTRICT OF RHODE ISLAND
```

_____
                                    )
SELECTIVE INSURANCE COMPANY         )
OF AMERICA,                         )
                                    )
        Plaintiff,                  )
    v.                              )    C.A. No. 11-042S
                                    )
CMG, INC., and JAMES M. COLUCCI,    )
                                    )
        Defendants.                 )
_____)

**ORDER**

WILLIAM E. SMITH, United States District Judge.

On February 21, 2013, the Court issued a bench decision adopting Magistrate Judge Lincoln D. Almond's Report and Recommendation (ECF No. 54) and granting Plaintiff Selective Insurance Company of America's ("Selective") motion for summary judgment. In line with this ruling, Selective has filed the instant motion for prejudgment interest (ECF No. 61) which Defendants CMG, Inc. and James M. Colucci have not objected to. The motion is GRANTED IN PART and DENIED IN PART.

Prejudgment interest is statutorily provided for under Section 9-21-10 of the General Laws of Rhode Island:

> In any civil action in which a verdict is rendered or a decision made for pecuniary damages, there shall be added by the clerk of the court to the amount of damages interest at the rate of twelve percent (12%) per annum thereon from the date the cause of action

>     accrued, which shall be included in the judgment entered therein.

R.I. Gen. Laws § 9-21-10(a). The Rhode Island Supreme Court has interpreted pecuniary damages to be synonymous with "compensatory" damages, which are defined as damages "awarded to a person in satisfaction of or in response to a loss or injury sustained." <u>Murphy v. United Steelworkers of Am. Local No. 5705</u>, 507 A.2d 1342, 1346 (R.I. 1986).

Here, the pecuniary damages – or the "loss or injury sustained" by Selective - stem from Defendants' default on their obligations to the Town of Millbury, Massachusetts (the "Town"). Defendants were hired by the Town to construct an extension to Oakes Circle roadway and perform additional related improvements. (Statement of Undisputed Facts ¶ 11, ECF No. 42.) As part of this agreement, Selective issued a surety bond on behalf of Defendants in favor of the Town, and, when Defendants defaulted on their obligations, the Town sued Selective seeking payment on the bond. (<u>Id.</u> ¶¶ 11, 22.) In response, Selective hired counsel, investigated the claim, consulted with Beacon Consulting Group, Inc. to prepare an estimate of the cost to complete Defendants' work, and eventually settled with the Town. (<u>Id.</u> ¶¶ 23-24, 28, 32.) Per the indemnity agreement Selective and Defendants entered into, Selective was entitled to be reimbursed for the amount of the settlement with the Town

($100,902 (Id. ¶ 25)), the consulting fees paid to Beacon in connection with its investigation ($3,422.21 (Id. ¶ 32)), and any attorney fees and costs related to the Town's lawsuit against Selective. (Id. ¶ 7.) Defendants' failure to indemnify Selective for these amounts led to the present lawsuit, and thus it is these amounts that qualify as pecuniary damages subject to prejudgment interest.

Selective, however, wants more. In addition to the damages described above, Selective seeks prejudgment interest on the attorneys' fees and costs of the present lawsuit to enforce the indemnity agreement. Selective cites no cases, and the Court has found none, where prejudgment interest was awarded for the attorneys' fees and costs of a present lawsuit.[1] Nor has the Court found any cases where these fees and costs were considered "damages" – pecuniary or otherwise. Indeed, the purpose of Section 9-21-10 is to "compensate plaintiffs for waiting for the recompense to which they were legally entitled." Lombardi v. Merchants Mut. Ins. Co., 429 A.2d 1290, 1293 (R.I. 1981).

---

[1] The Court uncovered one case, a federal CERCLA action, where attorneys' fees were included in a prejudgment interest calculation. See United States v. Domenic Lombardi Realty, Inc., 334 F. Supp. 2d 105, 106 (D.R.I. 2004) (ordering that "final judgment shall enter for the United States in the amount of $579,472.97 (which includes attorney's fees), plus prejudgment interest"). Importantly, however, the attorneys' fees at issue involved fees "incurred during the enforcement action." Id. at 108 n.3

Awarding prejudgment interest on the attorneys' fees and costs of the instant lawsuit does not further this purpose.[2]

In accordance with this Order, Plaintiff is to prepare a draft judgment order as well as an updated calculation of prejudgment interest. This calculation is to be based on the pecuniary damages described above – the penal sum of the surety bond, the fees paid to Beacon Consulting Group, Inc., and the legal fees and costs associated with Selective's underlying lawsuit with the Town – and is not to include the legal fees and costs of the present lawsuit to enforce the indemnity agreement. The calculation should be current through the date the draft order is submitted to the Court. In addition, Selective is to provide an updated accounting of the attorneys' fees and costs incurred in the present action.[3]

IT IS SO ORDERED.

/s/ William E. Smith
William E. Smith
United States District Judge
Date: May 15, 2013

---

[2] Selective is, of course, still entitled to recover its attorneys' fees and costs for the present action.

[3] The Court has reviewed the fees and costs associated with both the present action and the underlying lawsuit and finds them to be reasonable and appropriate.